## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

OLGA LOPEZ-SAENZ            *
                            *
        Plaintiff           *
                            *
v.                          *        **Civil No. 07-1260(SEC)**
                            *
CENTRO DE DESARROLLO        *
Y SERVICIOS ESPECIALIZADOS  *
                            *
        Defendants          *
**********************************

## OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss (Docket # 7) and Plaintiffs' opposition thereto (Docket # 9). After reviewing the filings and the applicable law, the appearing Defendants' Motion to Dismiss will be **GRANTED in part and DENIED in part**.

### Standard of Review

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting, Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). See also, Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).

### Factual Background

Plaintiff's complaint seeks relief pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 . She alleges that, while employed BY the Defendant she

Civil Case No. 07-1260(SEC)                                                                              2

was subjected to derogatory comments because of her age. <u>See</u>, Docket # 1, ¶ 15. She also alleges that Defendant frequently threatened that it would dismiss her for allegedly false or unjustified reasons, also because of her age. Docket # 1, ¶ 16. Defendant's discriminatory animus against Plaintiff also took the form of unwarranted evaluations, diminishing of her tasks, and reduction of benefits. Docket # , ¶¶ 20-24 & 26-27.  However, the gist of Plaintiff's ADEA claim is that the Defendant often expressed its intention  to replace Plaintiff her for a younger employee, which it eventually did on August 3, 2005. Docket # 1, ¶¶17, 25, 29 & 30. Finally, Plaintiff claims that, even after her termination, Defendant's discriminatory animus continued to cause her damages. She claims that the Defendant failed to pay her some benefits to which she was entitled, and gave false and bad references to Plaintiff's prospective employers. Docket # 1  ¶ 32-33.

   Defendant moves to dismiss Plaintiff's ADEA claim arguing that it is time-barred.  It argues that Plaintiff failed to exhaust administrative remedies with the Equal Employment Opportunity Commission (EEOC) within the statutory period of 300 days from the day she learned of the alleged discriminatory adverse employment action. If true, Plaintiff would be precluded from seeking relief from this Court. <u>See</u>, 29 U.S.C.A. § 626 (stating that "no civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed... within 300 days after the alleged unlawful practice occurred.")

      Defendant argues that the proper accrual date from which the 300 days must be calculated is June 30, 2005, when Defendant communicated to Plaintiff that it would not renew her contract, instead of August 3, 2005, when she was finally terminated. Plaintiff does not contest that she was required to file a charge with the EEOC within 300 days of the adverse employment action. She demurs, however, as to Defendant's proposed accrual date. Defendant rests its argument on <u>Ledbetter v. Goodyear Tire & Rubber Co.</u>, 127 S. Ct. 2162 (2007)(stating that "the "EEOC charging period is triggered when a discrete unlawful

practice takes place. A new violation does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination."). In <u>Ledbetter</u> the Supreme Court held that Plaintiff's Title VII claims for disparate treatment based on gender started to accrue when the discriminatory pay scale was implemented, rather than when the paychecks, which merely implemented the discriminatory pay scale, were issued. <u>Id</u>.

    <u>Ledbetter</u> restates the norm created in an earlier case: <u>Delaware State College v. Ricks</u>, 449 U.S. 250 (1980)(hereinafter <u>Ricks</u>). In <u>Ricks</u>, the Supreme Court concluded that Plaintiff's Title VII claim for discriminatory discharge due to his race was time-barred. In that case, Ricks was denied tenure in March ,1974, allegedly due to his race, but he was given a final, non-renewable one-year contract that expired on June 30, 1975. <u>Ledbetter</u>, 127 S. Ct at 2168. The Court held that, although the termination did not occur until June 30, 1975, the "EEOC charging period ran from the time the tenure decision was made and communicated to Ricks." <u>Id</u>.(internal citations omitted). The Court's rationale was that the termination was merely an *effect* of an earlier discriminatory adverse employment action: the denial of tenure. <u>Id</u>.; <u>see also</u>, <u>United Air Lines, Inc. v. Evans</u>, 431 U.S. 553 (1977)(accrual period started when Plaintiff was first forced to resigned and not when, after being re-hired, Defendant treated her as a new employee for seniority purposes).  Although <u>Ledbetter</u> and <u>Ricks</u> were cases under Title VII, the rationale applicable to determining the accrual date applies with equal force to cases under the ADEA. <u>See</u>, <u>Jorge v. Rumsfeld</u>, 404 F. 3d 556, 562 (1st Cir. 2005)(hereinafter <u>Rumsfeld</u>).

    Plaintiff opposed Defendant's motion on two grounds: (1) that the Defendant's Motion to Dismiss should be treated as a Motion for Summary Judgment because it makes reference to a document not annexed to the complaint (*i.e.* a letter whereby Plaintiff, through her lawyer, acknowledges that the decision not to renew her contract, made on June 30, 2005, was discriminatory), and as such, should be given the opportunity to perform discovery prior to the Court ruling on the issue, and (2) that, although the decision not to renew Plaintiff's

contract was made on June 30, 2005, Plaintiff continued to work with the Defendant until August 3, 2005, when her contract expired, and further discriminatory acts occurred during this two-months period. Plaintiff's first argument is without merit. First, a Court may, in ruling on a motion to dismiss, consider documents annexed to, or incorporated by reference in the complaint and matters susceptible to judicial notice, without converting the motion to a summary judgment motion. See, Rumsfeld, 404 F. 3d at 559 (if "a complaint's factual allegations are expressly linked to- and admittedly dependent upon- a document... that document effectively merged into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b0(6).")(citations omitted). The date of June 30, 2005, although not referred to in the complaint, is linked to Plaintiff's allegations of discriminatory discharge. Therefore, the Court may take it into account in ruling on Defendant's Motion to Dismiss without converting such motion to one for summary judgment.

Notwithstanding the procedural rule explained above, there is even a better a reason to disregard Plaintiff's argument that Defendant's motion should be treated as a motion for summary judgment, and her request to allow her to perform discovery prior to opposing Defendant's motion. That is, Plaintiff herself admits in her opposition to Defendant's Motion to Dismiss, that Defendant communicated to Plaintiff its decision not to renew her contract on June 30, 2005, although the official termination of her contract was August 4, 2005. See, Docket # 9, ¶¶ 5 & 7 (stating that "although in the case at bar the defendant informed the plaintiff on June 30, 2005, that her contract would not be renewed, they also informed the plaintiff that she would continued to be employed... until August 4, 2005...").  As such, Plaintiff is not prejudiced by the Court considering the letter annexed to Defendant's Motion to Dismiss which merely supports a proposition confirmed by Plaintiff: that Defendant communicated to her its non renewal decision on June 30, 2005.

Plaintiff's second argument is a different story. Plaintiff argues that during the months between June 30, 2005 until August 4, 2005, Defendant engaged in further acts of discrimination, and, as such, the continuing violation doctrine should be applied. However,

Civil Case No. 07-1260(SEC)                                                                                      5

Plaintiff makes no attempt to create a well-structured argument, as to why this doctrine applies. As such, the Court will disregard this argument entirely. It is well settled law that "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones...[j]udges are not expected to be mindreaders[;] a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." U.S. v. Zannino, 895 F. 2d 1, 1990; see also, Casillas-Díaz v. Palau, 463 F. 3d 77 (1st Cir. 2006)(same).

Furthermore, the Supreme Court has clearly stated that "each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." National R.R. v. Morgan, 536 U.S. 101, 113 (2002). That is, "mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." Id. at 112.

Nonetheless, this does not end our inquiry. We are cognizant of the rule that, on a motion to dismiss, the Court should take as true the facts well pleaded in the complaint and indulge all reasonable inferences in Plaintiff's favor. With this standard on Plaintiff's side, we take as true Plaintiff's allegations that even after her termination Defendant continued to discriminate her by failing to pay her benefits to which she was entitled and giving bad references to Plaintiff's prospective employers. These are discrete acts that Plaintiff may prove later on to have been discriminatory and timely charged in a EEOC complaint.[1] This determination, however, will not turn back the clock on her ADEA claim as it relates to her termination, or any other discrete acts prior to, and leading to, her termination. The milestone that determines the genesis of her ADEA claim is June 30, 2005, when she learned that the Defendant would not renew her contract. Therefore, Plaintiff needed to file her EEOC charge

---

[1]We note, however, that the Court is not issuing an opinion on the merits of an ADEA claim based on these discrete acts. We leave this assessment for a later time.

**Civil Case No. 07-1260(SEC)**                                                                    6

by April 26, 2006. She failed to do so. <u>See</u>, Docket # 1, ¶ 8 (stating that Plaintiff filed a

discrimination charge at the EEOC on May 30, 2006). As such, Plaintiff's ADEA claim, as

it stems from her discharge is **DISMISSED with prejudice.**

      Defendant's further argues that Plaintiff's pendent state law claims should be

dismissed because a federal cause of action would be wanting. The Court need not address

this argument, as Plaintiff's ADEA claim is still half alive.

      **Conclusion**

      Defendant's Motion to Dismiss (Docket # 7), is hereby **GRANTED in part and**

**DENIED in part.**


      **SO ORDERED.**
In San Juan, Puerto Rico, this 8th day of November, 2007.
                     S/ *Salvador E. Casellas*
                     SALVADOR E. CASELLAS
_____S/U.S. *Salvador E. Casellas*